IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

PATRICK LEE,

  Plaintiff,

vs.

ANTHONY HAYNES, Warden and
FEDERAL BUREAU OF PRISONS,

  Defendants.

CIVIL ACTION NO.: CV211-127

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). By Order dated August 30, 2011, the undersigned informed Plaintiff that his claims appeared to be unrelated, and, even if his claims were related, Plaintiff failed to show how his constitutional rights have been violated. Plaintiff was advised that his failure to respond appropriately to this Order would result in the dismissal of his Complaint. Plaintiff responded to this Order.

A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C. § 1915. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction.

Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that his main contention is that FCI Jesup is overcrowded, and his other contentions detail conditions stemming from this overcrowding. However, Plaintiff still has not set forth any allegations revealing how <u>his</u> constitutional rights have been violated. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under Bivens, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived <u>him</u> "of some right, privilege, or immunity secured by

2

AO 72A
(Rev. 8/82)

the Constitution or laws of the United States." <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." <u>Id.</u> Plaintiff has failed to make this basic showing.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** due to his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)